Peter W. Billings, A0330
Jason W. Hardin, A8793
Timothy K. Clark, A10778
FABIAN & CLENDENIN,
 A Professional Corporation
Mailing Address:
 P.O. Box 510210
 Salt Lake City, Utah 84151-0210
Physical Address:
 215 South State Street, 12th Floor
 Salt Lake City, Utah 84111
Telephone:   (801) 531-8900
Facsimile:    (801) 596-2814
E-mail:        pbillings@fabianlaw.com
                   jhardin@fabianlaw.com
                   tclark@fabianlaw.com

Attorneys for Plaintiffs

```
                                  FILED
                          U.S. DISTRICT COURT

                          2007 AUG 10  A 8: 16

                             DISTRICT OF UTAH

                          BY:_____
                               DEPUTY CLERK
```

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MONITRONICS INTERNATIONAL, INC., a Texas corporation; MONITRONICS FUNDING, LP, a Delaware limited partnership; and MONITRONICS SECURITY, LP, a Delaware limited partnership;<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>PINNACLE SECURITY, LLC., a Utah limited liability company; CHAD CHRISTOFFERSON, an individual; MOSES HAWKINS, an individual; ALLSYSTEMS SECURITY PROFESSIONALS, INC. d/b/a SAFEHOME SECURITY SYSTEMS, a Utah corporation; ALARMEX SECURITY, INC., a Utah corporation, and its successor in interest, VIGILON SECURITY, INC., a Utah corporation; and JOHN DOES 1-20;<br><br>　　　　　Defendants. | **ORDER GRANTING PRELIMINARY INJUNCTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY**<br><br><br><br><br><br>Civil No. 2:07-cv-575<br><br>Honorable Dee Benson |

Having fully considered the *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR LIMITED EXPEDITED DISCOVERY, and the supporting memorandum and declarations submitted by Plaintiffs Monitronics International, Inc., Monitronics Funding, LP and Monitronics Security, LP (collectively, **"Monitronics"**) and having heard the oral argument of the parties, the Court has determined that Monitronics has demonstrated a need for a preliminary injunction against Defendants Pinnacle Security, LLC (**"Pinnacle"**) and Chad Christofferson, the Court has also determined that Monitronics has demonstrated the need for expedited discovery; accordingly, the Court grants Monitronics' Motion, as follows:

IT IS HEREBY ORDERED:

1. That Pinnacle immediately, within twenty four (24) hours of this Order, send a notice to all of Pinnacle's agents, salespersons, independent contractors and any other person(s) acting for or on its behalf (collectively **"Pinnacle's agents"**), stating:

    a. No Pinnacle agent shall hold himself or herself out in any manner whatsoever, expressly or impliedly, as being associated or affiliated with Monitronics, including, but not limited to, from using the Monitronics or Monitronics International, Inc. registered trademarks, trade names or logos for any commercial purpose whatsoever;

    b. No Pinnacle agent shall use Monitronics' badges, I.D. cards, shirts, stationary, marketing or sales materials or any other materials whatsoever containing the Monitronics or Monitronics International, Inc. registered trademarks, trade names or logos for any commercial purpose whatsoever;

      c.      No Pinnacle agent shall state or otherwise imply in any manner to any person in any commercial context:

      (1)      That Monitronics is going out of business;

      (2)      That Pinnacle is acquiring, merging with, has taken over or is part of Monitronics;

      (3)      That Monitronics has merged with or has been acquired by any other company, including, but not limited to, Security Associates International, Inc. ("SAI") or FirstLine Security ("FirstLine");

      (4)      That Pinnacle, SAI, FirstLine or any other entity whatsoever is taking over the monitoring of Monitronics' accounts or has purchased the Customer's account from Monitronics or is a "sister company;"

      (5)      That they are "with Monitronics;"

      (6)      That Monitronics is changing its name;

      (7)      That any change proposed during a solicitation or sale relating to an existing Monitronics' alarm monitoring service is an "update" or "upgrade" when any such proposal (1) actually requires an agreement with a person or entity different than any of those in an existing alarm system or alarm monitoring service agreement, or (2) would result in a change in alarm monitoring service providers;

      (8)      That Monitronics does not exist; or

    (9) That Monitronics is not, or has stopped, monitoring the alarm system for that person, residence or business, or that Monitronics will no longer be able to monitor the alarm system for that person, residence or business;

  d. No Pinnacle agent shall draft or send cancellation notices, letters or the like to Monitronics;

  e. No Pinnacle agent shall cancel customers' Monitronics' alarm monitoring service without the customers' knowledge or authorization;

  f. No Pinnacle agent shall impersonate, or represent in any way that they are, a Monitronics' customer;

2. Christofferson is prohibited from soliciting the sale or purchase of alarm monitoring services from any Monitronics' customer whose Customer AMA was purchased by Monitronics from AllSystems or Alarmex;

3. Pinnacle must produce to Monitronics' counsel of record on or before twenty (20) calendar days from the date of this Preliminary Injunction:

  a. A list, which will be marked for Attorneys' Eyes Only, identifying (by name, current address and current phone number) all persons and entities who have signed an agreement with Pinnacle for alarm monitoring service from May 1, 2007 to the date of the Preliminary Injunction, unless Pinnacle is able to and does produce a list of all persons and entities who have signed an agreement with Pinnacle for alarm monitoring service from May 1, 2007 to August 9, 2007 who had been Monitronics' customers; and

  b. A list, which will be marked for Attorneys' Eyes Only, identifying (by name, current address and current phone number) all salespersons employed by, or

otherwise used by, Pinnacle to solicit or sell alarm monitoring service during the period May 1, 2007 to August 9, 2007;

4. Pinnacle shall make the following individuals available for deposition, to be conducted in accordance with the Federal Rules of Civil Procedure, within five (5) business days from the date of the Temporary Restraining Order: Moses Hawkins; Blake McCarty; Josh Willard; Ryan Bezan; Wayne Jenkins; Anthony Fogh; and Mick Howard.

5. Pinnacle and Christofferson shall not destroy any documents, items or other evidence of any kind that could be reasonably calculated to lead to the discovery of admissible evidence herein.

6. Nothing herein is intended to prohibit Pinnacle or Christofferson from referencing or referring to Monitronics for legitimate commercial purposes.

DATED this 9th day of August, 2007.

_____
Honorable Dee Benson
Federal District Court, District of Utah