Richard D. Burbidge (#0492)
Robert J. Shelby (#8319)
Benjamin W. Lieberman (#11456)
BURBIDGE, MITCHELL & GROSS
215 South State Street, Suite 920
Salt Lake City, Utah 84111
Telephone: (801) 355-6677

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MONITRONICS INTERNATIONAL, INC.. a Texas corporation; *et al.*, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MOSES HAWKINS** |
| Plaintiffs, | |
| vs. | **(Jury Trial Demanded)** |
| PINNACLE SECURITY, LLC, a Utah limited liability company; *et al.*, | Case No. 2:07-cv-00575-DB |
| Defendants. | Judge Dee Benson |

Defendant Moses Hawkins ("Hawkins" or "Defendant"), by and through his counsel of record, hereby answers the Complaint ( "Complaint") of Plaintiffs Monitronics International, Inc., *et al.*, (collectively, "Plaintiffs") as follows:

### ADMISSIONS AND DENIALS

Defendant answers each specific paragraph of Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.     Defendant lacks sufficient information and knowledge as to the truth of the

allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11.     Defendant admits that he is a Pinnacle salesperson.  Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

## THE INDUSTRY

15.    Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16.    Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.    Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.    Defendant asserts that the Customer AMAs referred to in paragraph 18 of the Complaint speak for themselves, and Defendant denies any portion of paragraph 18 that is inconsistent with those Customer AMAs. Defendant lacks sufficient information and knowledge as to the truth of any and all remaining allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19.    Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.    Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21.    Defendant lacks sufficient information and knowledge as to the truth of the

4

allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.      Defendant asserts that the Dealer AMP As referred to in paragraph 22 of the Complaint speak for themselves, and Defendant denies any portion of paragraph 22 that is inconsistent with those Dealer AMP As.  Defendant lacks sufficient information and knowledge as to the truth of any and all remaining allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

<u>**THE RELATIONSHIP OF THE PARTIES**</u>

24.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29.      Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30.      Defendant lacks sufficient information and knowledge as to the truth of the

allegations contained in paragraph 30 of the Complaint and therefore denies the same.

## DISCOVERY OF A PROBLEM

31.     Defendant lacks sufficient information and knowledge as to the truth of the
allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.     Defendant lacks sufficient information and knowledge as to the truth of the
allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.     Defendant lacks sufficient information and knowledge as to the truth of the
allegations contained in paragraph 33 of the Complaint and therefore denies the same.

## THE DECEPTIVE AND ILLEGAL ACTS OF PINNACLE AND ITS SALESPERSONS

34.     Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or
consumers.  Defendant lacks sufficient information and knowledge as to the truth of the
remaining allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant admits that he once called Monitronics in order to assist a customer in
canceling his account, though the account was never closed.  Defendant denies the remaining
allegations contained in paragraph 35 of the Complaint with regard to his own actions.  By way
of further response, Defendant lacks sufficient information and knowledge as to whether any
other Pinnacle sales representatives engaged in any of the conduct described in paragraph 35 of
the Complaint or any of its subparagraphs or sub-subparagraphs, and on that basis he denies
those allegations.  Defendant denies that he has engaged in any conduct that has damaged
Plaintiffs or consumers.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant states that the Better Business Bureau document referred to in paragraph

37 of the Complaint speaks for itself.  Defendant further denies that his sales practices were or are improper in any way.   Defendant lacks sufficient information and knowledge as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

## HARM TO CONSUMERS

39.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies the same.  Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or consumers.

40.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies the same. Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or consumers.

41.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies the same. Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or consumers.

42.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies the same. Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or consumers.

43.     Defendant denies that he has engaged in the "fraud and deception" referred to in paragraph 43 of the Complaint or that he has misled customers into believing that their alarms are being monitored by Monitronics.  Defendant lacks sufficient information and knowledge as to the

truth of any and all remaining allegations contained in paragraph 43 of the Complaint and therefore denies the same.

## HARM TO MONITRONICS

44.     Defendant denies that he has engaged in any conduct that has damaged Plaintiffs or consumers.  Defendant lacks sufficient information and knowledge as to the truth of the remaining allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45.     Defendant denies that he has engaged in conduct that has damaged Plaintiffs as referred to in paragraph 45 of the Complaint.  Defendant lacks sufficient information and knowledge as to the truth of the remaining allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46.     Defendant denies that he has engaged in conduct that has damaged Plaintiffs as referred to in paragraph 46 of the Complaint.  Defendant lacks sufficient information and knowledge as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and therefore denies the same.

## FIRST CAUSE OF ACTION
(Trademark Dilution-against Pinnacle, Hawkins and John Does)

47.     Defendant incorporates and realleges his answers to paragraphs 1-46 of the Complaint as if fully set forth herein.

48.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore denies the same.

50.     Defendant lacks sufficient information and knowledge as to the truth of any and all remaining allegations contained in paragraph 50 of the Complaint and therefore denies the same.

51.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies the same.

52.     Defendant lacks sufficient information and knowledge as to the truth of any and all remaining allegations contained in paragraph 52 of the Complaint and therefore denies the same.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 53.

54.      Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 54.

55.      Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response to those legal conclusions is required, Defendant denies them. Defendant lacks sufficient information and knowledge as to the truth of any and all remaining allegations contained in paragraph 55 of the Complaint and therefore denies the same.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies the same.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.   Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.   Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.   Defendant denies the allegations contained in paragraph 63 of the Complaint.

**SECOND CAUSE OF ACTION**
(Trademark Infringement-against Pinnacle, Hawkins and John Does)

64.   Defendant incorporates and realleges  his answers to paragraphs 1-63 of the
Complaint as if fully set forth herein.

65.   Paragraph 65 of the Complaint contains legal conclusions to which no response is
required. To the extent a response is required, Defendant denies the allegations contained in
paragraph 65 of the Complaint.

66.   Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.   Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.   Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.   Defendant denies the allegations contained in paragraph 69 of the Complaint.

**THIRD CAUSE OF ACTION**
(Federal Unfair Competition-against Pinnacle, Hawkins and John Does)

70.   Defendant incorporates and realleges  his answers to paragraphs 1-69 of the
Complaint as if fully set forth herein.

71.   Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.   Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.   Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.   Defendant denies the allegations contained in paragraph 74 of the Complaint.

**FOURTH CAUSE OF ACTION**
(Federal Trade Libel-against Pinnacle, Hawkins and John Does)

75.     Defendant incorporates and realleges  his answers to paragraphs 1-74 of the

Complaint as if fully set forth herein.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

**FIFTH CAUSE OF ACTION**
(Tortious Interference with Existing and Prospective Economic Relations-against all Defendants)

83.      Defendant incorporates and realleges  his answers to paragraphs 1-82 of the

Complaint as if fully set forth herein.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint.

## SIXTH CAUSE OF ACTION
(State Unfair Competition-against Pinnacle, Hawkins and John Does)

90.     Defendant incorporates and realleges  his answers to paragraphs 1-89 of the Complaint as if fully set forth herein.

91.    Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.    Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.    Defendant denies the allegations contained in paragraph 93 of the Complaint.

94.    Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.    Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.    Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.    Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.    Defendant denies the allegations contained in paragraph 98 of the Complaint.

## SEVENTH CAUSE OF ACTION
(State Consumer Protection-against Pinnacle, Hawkins and John Does)

99.     Defendant incorporates and realleges  his answers to paragraphs 1-98 of the Complaint as if fully set forth herein.

100.   Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.   Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.   Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.   Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.   Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.   Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.   Defendant denies the allegations contained in paragraph 107 of the Complaint.

108.   Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.   Defendant denies the allegations contained in paragraph 109 of the Complaint.

## EIGHTH CAUSE OF ACTION
(State Trade Secrets Acts - all Defendants)

110.     Defendant incorporates and realleges his answers to paragraphs 1-109 of the Complaint as if fully set forth herein.

111.     Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 111 of the Complaint.

112.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 112 of the Complaint and therefore denies the same.

113.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 113 of the Complaint and therefore denies the same.

114.     Defendant denies he had any part in use of or misappropriation of any trade secrets.  Defendant lacks sufficient information and knowledge as to the truth of the remaining allegations contained in paragraph 114 of the Complaint and therefore denies the same.

115.   Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.   Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.   Defendant denies the allegations contained in paragraph 117 of the Complaint.

118.   Defendant denies the allegations contained in paragraph 118 of the Complaint.

## NINTH CAUSE OF ACTION
### (Conversion-against Pinnacle, Hawkins and John Does)

119.    Defendant incorporates and realleges his answers to paragraphs 1-118 of the Complaint as if fully set forth herein.

120.    Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in paragraph 122 of the Complaint.

123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

125.    Defendant denies the allegations contained in paragraph 125 of the Complaint.

## TENTH CAUSE OF ACTION
### (Defamation-against Pinnacle, Hawkins and John Does)

126.    Defendant incorporates and realleges his answers to paragraphs 1-125 of the Complaint as if fully set forth herein.

127.    Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.    Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.    Defendant denies the allegations contained in paragraph 130 of the Complaint.

## ELEVENTH CAUSE OF ACTION
(False Pretenses / Deceit-against Pinnacle, Hawkins and John Does)

131.    Defendant incorporates and realleges his answers to paragraphs 1-130 of the Complaint as if fully set forth herein.

132.    Defendant denies the allegations contained in paragraph 131 of the Complaint.

133.    Defendant denies the allegations contained in paragraph 132 of the Complaint.

134.    Defendant denies the allegations contained in paragraph 133 of the Complaint.

135.    Defendant denies the allegations contained in paragraph 134 of the Complaint.

136.    Defendant denies the allegations contained in paragraph 135 of the Complaint.

## TWELFTH CAUSE OF ACTION
(Fraud / Negligent Misrepresentation-against Pinnacle, Hawkins, and John Does)

137.    Defendant incorporates and realleges his answers to paragraphs 1-136 of the Complaint as if fully set forth herein.

138.    Defendant admits that he once called Monitronics in order to assist a customer in canceling his account, though the account was never closed.  Defendant denies the remaining allegations contained in paragraph 138 of the Complaint.

139.    Defendant admits that he once called Monitronics in order to assist a customer in canceling his account, though the account was never closed.  Defendant denies the remaining allegations contained in paragraph 139 of the Complaint.

140.    Defendant admits that he once called Monitronics in order to assist a customer in canceling his account, though the account was never closed.  Defendant denies the remaining allegations contained in paragraph 140 of the Complaint.

141.    Defendant admits that he once called Monitronics in order to assist a customer in

canceling his account, though the account was never closed.  Defendant denies the remaining allegations contained in paragraph 141 of the Complaint.

142.   Defendant admits that he once called Monitronics in order to assist a customer in canceling his account, though the account was never closed.  Defendant denies the remaining allegations contained in paragraph 142 of the Complaint.

143.   Defendant denies the allegations contained in paragraph 143 of the Complaint.

144.   Defendant denies the allegations contained in paragraph 144 of the Complaint.

145.   Defendant denies the allegations contained in paragraph 145 of the Complaint.

146.   Defendant denies the allegations contained in paragraph 146 of the Complaint.

147.   Defendant denies the allegations contained in paragraph 147 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
(Breach of Contract-against All Defendants)

148.   Defendant incorporates and realleges his answers to paragraphs 1-147 of the Complaint as if fully set forth herein.

149.   Defendant asserts that the Agreements referred to in paragraph 149 of the Complaint speak for themselves, and Defendant denies any portion of paragraph 149 of the Complaint that is inconsistent with those Agreements.

150.   Defendant asserts that the First and Second Christofferson Nonsolicitation Agreements referred to in paragraph 150 of the Complaint speak for themselves, and Defendant denies any portion of paragraph 150 that is inconsistent with those First and Second Christofferson Non-solicitation Agreements.

151.   Defendant lacks sufficient information and knowledge as to the truth of the

allegations contained in paragraph 151 of the Complaint and therefore denies the same.

152.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 152 of the Complaint and therefore denies the same.

153.   Defendant denies the allegations contained in paragraph 153 of the Complaint.

154.   Defendant denies the allegations contained in paragraph 154 of the Complaint.

155.   Defendant denies the allegations contained in paragraph 155 of the Complaint.

## FOURTEENTH CAUSE OF ACTION
(Breach of Duty of Good Faith and Fair Dealing-against All Defendant)

156.     Defendant incorporates and realleges his answers to paragraphs 1-155 of the Complaint as if fully set forth herein.

157.     Paragraph 157 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 157 of the Complaint.

158.     Defendant lacks sufficient information and knowledge as to the truth of the allegations contained in paragraph 158 of the Complaint and therefore denies the same.

159.   Defendant denies the allegations contained in paragraph 159 of the Complaint.

## GENERAL DENIAL

Any allegation contained in the Complaint that is not expressly admitted by Hawkins herein is hereby denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

3.      Plaintiffs' claims are barred, in whole or in part, because Hawkins did not engage in any fraudulent or other wrongful activities.

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any.

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by the intentional activities of persons or entities other than Hawkins despite his best efforts to prevent such activities. The fault of those third parties or entities reduces the fault, if any, of Hawkins to such a degree as to preclude recovery from Hawkins.

6.      Plaintiffs' claims against Defendant are barred because Plaintiffs' damages, if any, were the product of circumstances over which Hawkins had no control.

7.      Plaintiffs have failed to state a valid basis for an award of attorney fees.

8.      Plaintiffs' claims are barred, in whole or in part, by a failure or lacks of consideration.

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lacks standing to assert those claims against Hawkins.

## RESERVATION

Hawkins hereby reserves his right to assert any other affirmative defenses available to him under law or equity that discovery reveals to be applicable so as to avoid waiver of same.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Hawkins respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and upon the merits, that Plaintiffs take nothing thereby, that he be awarded his attorney fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just, and proper under the circumstances.

Respectfully submitted this <u>17th</u> day of October 2007.

BURBIDGE, MITCHELL & GROSS,


*/s/ Benjamin W. Lieberman*
Benjamin W. Lieberman

*Attorneys for Defendant Moses Hawkins*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of October, 2007, I electronically filed the foregoing

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MOSES HAWKINS** with

the Clerk of Court using the CM/ECF system, which sent notification of such filing to the

following:

> Peter W. Billings
> Jason W. Hardin
> Timothy K. Clark
> FABIAN & CLENDENIN
> P.O. Box 510210
> 215 South State Street, Suite 1200
> Salt Lake City, UT 84151-0210
>
> J. Ryan Mitchell
> BENNETT TUELLER JOHNSON & DEERE
> Millrock Park West Building
> 3165 East Millrock Dr. Ste. 500
> Salt Lake City, Utah 84121

<u>/s/ <i>Abby Dizon-Maughan</i></u>